The first case is Schilling v. Schilling. Counsel. May it please the court. Counsel. My name is Mike Podesky. I'm representing the appellants Benjamin and Jennifer Schilling in this case. The facts are fairly straightforward. This is a dog bite case, Animal Control Act. The plaintiff is the mother of my client, Ben. And his parents, Kathy and Lloyd, were over at the Jennifer and Ben's place to cut grass. Jennifer and Benjamin were on duty at the time. While in the backyard, where they're cutting grass, there's a 70-pound Rottweiler. The dog is attached to a fence with a 20-foot leash. So Lloyd cuts half of the backyard. He's going to go ahead and cut the other half. Takes the dog from one part of the fence, going to move it over to the other part of the fence. He attaches the leash to the fence. And then Kathy puts the water bucket down and attaches that to the leash. At this point, according to the facts that are provided by the plaintiff and her husband, the dog runs out, runs around the brick, and then somehow runs towards Kathy. She ends up tripping and falling over this leash. The initial complaint that was filed, and she injures her wrist. The initial complaint that was filed was an arbitration case. And what was pled in that complaint was that the leash actually got tied up around her ankle or the chain got tied up around her ankle. Later on in the deposition, the testimony is a little bit different, but basically those are the facts. So the case goes to arbitration, and the arbitrators rule in favor of defense, and there's a defense verdict. The plaintiff is not awarded any damage. The next thing that happens is the plaintiff rejects the arbitration award and asks for the trial. Then the plaintiff requests a transfer over to the L Division, an increase in damages and a transfer to the L Division. The next interesting part of the procedure is the plaintiff files a summary judgment motion. Defense responds, files a memorandum in opposition to the summary judgment. Deposition transcripts are attached. There's a statement of facts listed by the plaintiff and affidavits from Kathy Schilling and Lloyd Schilling as to the facts of the accident. In the defense response, the memo in opposition to the summary judgment, there's this argument about it was an active force, passive force, and there's some cases about that where a dog, passive force, just sort of laying on a staff, someone might trip over it. That's not actionable under the Animal Control Act. There's also an argument about inconsistent statements made by the plaintiff in the deposition. Also, there's an argument, there's a question of fact as to whether the plaintiff's own actions caused her to fall or whether it was the dog that caused her to fall. Well, despite the fact that the arbitrators ruled in favor of the defense after a hearing, the trial court entered summary judgment in favor of the plaintiff. So we have an arbitration award for the defense. It's rejected, case transferred to LDOC it, and then the summary judgment in favor of the plaintiff. So now there's the appeal. One thing I want to address right off the bat is a procedural issue that was raised by the plaintiff, and that's that there was not a transcript of the summary judgment hearing. Basically, it's the plaintiff's argument that while the argument is sort of forfeited on appeal because there's not a transcript of the hearing, and there's this Fouch v. O'Brien case that was addressed in the plaintiff's brief. In that case, that was a denial of a motion to vacate a judgment order in a mechanics lien case. And basically, there was nothing in the file. If you read the opinion, there's this trial court order denying the motion to vacate, but there's no transcript. There's also no evidence of what the trial court considered in denying the motion. There's basically no arguments presented in the record on appeal. So basically, the Supreme Court said, well, there's really nothing to base a reversal upon. There's no way to really even review the case because the trial court's order in that Fouch was basically the motion to vacate is denied, and there's not even any reasons listed in the order. And so the plaintiffs are arguing, well, based on this case, there's no way that this court can properly review the case at hand because there's not a transcript. Well, there's some other cases since this Fouch that have come along and really explain the holding a lot more in more detail. I cited the DeVere's case v. Banker's Life, Walker v. Iowa Marine. And basically, the holdings are that if the facts and the arguments of counsel are in the briefs filed with the court, a transcript is not necessary for an appellate review. Basically, what the transcript would do is basically duplicate the arguments that were made in the briefs and the evidence, an argument about the evidence that would be in the record on appeal. So in this particular case, Your Honors, if you examine the record on appeal, you'll see there's a detailed description of the facts both from the depositions that were taken as well as a recitation of facts included that are sworn to by the affidavits. There's also a briefing of the issues both by the plaintiff and the defense. Finally, there's a very detailed three-page order by Judge Mudge as to his reasoning and his decision process when he entered summary judgment in favor of the plaintiff. So this is not a case like Fauch where there's sort of this blunt, bare order, you know, denying a motion. You know, there's no transcript, there's no evidence, there's no argument. There's basically a blank slate when it comes to the record. In this particular case, the record does contain all necessary facts, argument, and law for this court to review the case. The fact that we don't have a transcript of the summary judgment hearing is not critical here because the arguments are already presented in the briefing. And the facts are presented as well as the court's reasoning in the order. So why are we here and what's the point of this? Well, it's our position, Your Honors, that there is a jury issue of causation. And we cited a case that I believe is directly on point. Taylor v. Hall is a 5th District case, Animal Control Act case. Facts are straightforward again. You have the defendant's dog runs out into the road. The plaintiff's in a motor vehicle and this dog runs out in front of him. He hits the dog, loses control of the car, and there's an accident. And so, sure enough, there's cross motions for summary judgment file. This court found that there is no dispute as to the facts. But there's an issue as to causation. Even though there's no question what the dog did. The court found that this was an act of force. The court runs out in front of the vehicle. Summary judgment was not appropriate in that case. This court found that there is a question raised, a factual issue, as to whether it was the plaintiff's actions that caused the accident or the dog's actions that caused the accident. I believe that Taylor case is directly on point with the case here. In this situation, the facts are only supplied by the plaintiff because, obviously, they're the only witnesses to the incident. The dog can't testify. What Kathy Chilling says is that she goes ahead and puts that water bucket under the leash. She says the dog runs out and runs around this landscaping brick, and then the dog runs towards her, and she says she sees the dog runs towards her, but then the dog gets stopped by the brick, and it's this trip wire. She uses the term trip wire. And she says she doesn't see the trip wire and trips over the leash. So even though we don't necessarily have a factual dispute, there might be some inconsistency in some of the testimony. She says that her husband is just a couple steps in front of her. The dog runs away and then runs towards her. Now, the husband doesn't trip over the leash, but apparently she does. The point I'm trying to make is there's still an issue of proximate cause. Could she have avoided the leash? Apparently she saw the dog. It was running right towards her. It's a 70-pound Rottweiler, a fairly large dog. It's running towards her. And she says, well, this leash wraps around the brick and causes this trip wire, but she falls over it anyway. Likewise, like in the Taylor case, the dog runs in front of the vehicle. Well, could the driver have avoided the dog, avoided the accident? This court found there's an issue of fact there. Same way here. Could she have avoided the accident?  This is a factual issue, amount of time in response to a reaction of seeing the dog. Could she have seen the leash? Again, factual issue for the jury. Reaction time was an issue in the Taylor case. It should be a reaction time should be an issue in our case as well. This is an even more slow-moving accident, if you will. This lady is just walking along, whereas in Taylor this person is actually in a motor vehicle and moving a lot faster in a car than you are just walking along. So that's basically the point of the appeal, Judge. There is an issue of fact presented here, and I think it was inappropriate that the trial court basically just adopted the argument made by the plaintiff that the dog caused the accident. It's sort of the strict liability argument. Well, if the dog's involved and the dog happens to be moving and it's not a situation where the dog's sleeping on a stair or sleeping on the ground or on the floor and somebody just trips over the dog, well, it's a passive force or an active force. Since the dog's moving, it's an active force. Therefore, it has to be recovered under the statute. It's not quite as simple as that. There is a proximate cause issue, a factual issue here, for the jury to decide in terms of whether the accident could be avoided. And just the pitch that, well, you know, the only facts that were supplied were supplied by the plaintiff. Since those facts just must be true then, the facts can't be challenged. They have to be true because the plaintiff says this is how the accident happened, because the dog was moving. You have to accept the plaintiff at her word. There's no questioning that. Well, that would mean, Your Honors, that any time that the only witness to an accident is the plaintiff, the plaintiff would be entitled to summary judgment on liability in every case because the argument they're making is, well, this is what she says. It can't be questioned. That means that there would never be any defense to liability when you only have a plaintiff as the sole witness to an accident. So what we're asking is that this Court reverse the trial in court and remand the case for a trial in the merits. Thank you. Thank you. I thought Mike did a good job of telling you the facts of this case. It was a mother that was mowing the lawn of her son, and she tripped over this strip wire. And the case is kind of turnover passive versus an overt act of the animal. In the case that I cited, the trial court level is macabre. Basically, a dog ran between somebody's legs, and that person fell into the bushes and was injured. The jury found for them. The case was appealed, and the appellate court found that the act of the dog running between her legs caused the fall. It doesn't matter whether she tripped, was bumped, tipped. That overt act was the thing that caused it and that they found in her favor on that case. And interestingly, at the trial court level, and Mike wasn't involved in this, but there were only two cases that were cited before the judge at the trial court level, and these were the passive cases that he just told you didn't really apply. One of them is King, and the dog was walking right next to the plaintiff and she fell over it. The court said it did not touch her, it didn't attack her, it did not advance towards the plaintiff, another term that they used. And they found for summary judgment for the defendant. The second case and the only other case that they cited and argued before the trial court judge was Bailey, and this was simply a dog that was just sleeping on the ground. What about the Taylor case? The Taylor case was not brought up at the trial court level at all. I cited it just for the very fact that you don't have to have a dog bite. A lot of people think under the dog statute you have to have a bite. That was the only thing that was brought up. It wasn't mentioned in Judge Mudge's ruling and it wasn't even discussed. But in that case, it's a very short paragraph on what happened and that's it. It said simply the dog is walking or trotting across the street. And so I think arguably this court felt that if a dog is acting in its true nature of simply just walking as a dog does or walking across the street, that there is a question. The dog was not advancing towards the car and this vehicle would have had time to possibly take a look at this and do something about it. And I think that court felt maybe there was a question there. And this case is different. There's only two witnesses. It's mom and dad. They're 60 years old and they both signed affidavits that said this dog unexpectedly darted towards the plaintiff. She's walking and this dog's coming towards her. And it has a leash that's dragging on the ground, but it just got tangled up in some landscaping bricks about a foot off the ground. So as soon as that dog went past her, it pulls tight and she's walking and she trips over the wire. She never sees it. That case is the type of overt act that the McEvoy case held where the dog ran between somebody's legs and she fell down. It is very clear that that action is the one that caused her to fall. I mean this lady wasn't going to fall at all, but for this dog acting the way that it did on this day. I also wanted to mention this arbitration hearing, and I'm not sure if you're familiar with how arbitrations are working in Madison County or St. Clair County. We have mandatory arbitrations. This case is worth between $10,000 and $50,000. We have to go before three lawyers. And these are not judges. These are people that volunteer.  I'm sure Mike does it and Dominique and some of the other lawyers. But unfortunately I could go in there on a case and I could have three defense lawyers and I would know immediately I'm going to lose that case every time. If I have three of my best friends on the panel, I'm going to win that case. And I really don't remember what happened on this case, but the fact that we lost on an arbitration really absolutely means nothing. It is a good way to try to get an award and try to get a case resolved, but that arbitration was three lawyers and was not a judiciary in any way. So whatever happened there, I don't even remember. Mike wasn't involved. It was an in-house counsel. But I filed a motion for summary judgment because when you read these cases, even the cases that go the other way, they all resolve these on summary judgment issues. I think in that Taylor case, just a note that I had was that I think that the court probably felt that the driver would have had time to see this, to see a dog trotting or walking across there. I mean, we know the dog was involved in this incident, but maybe they thought there was a last clear chance or something. But here we don't have that.  We don't have that. We don't have that. And, you know, when you read the jury instruction, and I think that defense counsel just took those two cases right out of the jury instructions that talk about overt versus passive. And, you know, I don't know if the trial judge has a duty to go do his own research on this, but I just know that they just took those two cases of a dog lying down and a dog walking next and argued that. I argued the McAvoy case, and that was it, and that was all that was considered. And now we're here before this court and we're focusing on a different case. It was never brought up. There was never even a transcript. I think it's important for you to have a transcript to see what type of arguments were made, what was heard, what that judge was actually thinking when he made this decision. And I put that in there, the effect of it. I'm not sure, but I just think it's very reasonable for somebody to do a transcript and put that before you. Not only that, I think there is an option, and I've never done this, but I read that you can do a 323 sort of a statement of facts of, hey, I was there, this is what happened, and this is what was argued. That was never done in this case either. So we really don't know what the trial judge was thinking. I think that the order was correct based on what that judge was considering, and we're asking that you affirm the trial court, and I guess remand this for a hearing on damages. Thank you. Thank you. You respond? Very briefly. Your Honor, I think what I want to mention is the response to the summary judgment mentioned some of that passive cases because there was a motion filed for summary judgment arguing it was an active case. In other words, that was the issue raised by the plaintiff, that summary judgment should be appropriate because it's an active case, so it should be decided as a matter of law. So that was the initial response by the defense because that was the issue raised by the plaintiff. But the case, the court might want to recall, in this McAbee case that the plaintiff relies upon, yeah, the court said that was an overt act, but there was a jury trial and a decision in favor of the plaintiff. I'm not saying they can't win the case. I'm not saying this is not an overt act. It was an overt act by the dog. The dog was running. All I'm saying is we're entitled to a jury trial on whether or not the cause of the accident was the dog or the cause of the accident was Kathy Schilling, just not looking where she's walking. McAbee, there actually was a jury trial involved, and the defense on the appeal said, hey, you know, this really wasn't a dog bite. The lady wasn't attacked. She wasn't bitten. You know, the dog just sort of ran in between the person's legs. And the court said, no, you can recover, even though it's not a bite or an attack, if the dog actively runs between someone's legs, causes them to fall over, causes them to be injured. You can state a cause of action under the Animal Control Act. And, yeah, there's no question that's the law. But, again, there was a trial on that. That was not a summary judgment case. And as I mentioned before, there is a factual issue here under Taylor because Taylor, there was a summary judgment filed by the defense and by the plaintiff, and this court said there's no issue of fact here. And also this court found that there was an overact by the dog in running out in front of the vehicle. But this court said, hey, there's a factual issue. Summary judgment is not appropriate, even though both the defense and the plaintiff wanted the case decided in a summary fashion. This court said, no, it should be decided by a jury. Now, and just as mentioned by Mr. Glisson, while trying to distinguish Taylor, while he says, well, this is a case where the dog runs towards her, she trips over the wire and doesn't see it, well, maybe a jury needs to decide whether that action, if that's what occurred, was that her fault? Is it the dog's fault? Why didn't she look where she was going? That's an issue really for the jury. The issue about the arbitrators, well, we try to do things fairly in Madison County, but the point I'm trying to make is there was a decision made by arbitrators to rule in favor of the defense, and I think at the very least there's a factual issue to be decided by a jury. We can't just complete 180 without at least another fact finder looking at these facts as well. And in terms of the arguments that were made in this transcript issue, the citation of the record is at C-57, and that's the page of the memorandum in response to the summary judgment motion, where it was argued there's a factual issue here and a jury should decide whether or not Kathy Schilling's own actions caused the accident versus whether the dog caused the accident. So that argument was made, and it was in the defense brief in response to the summary judgment motion. There's this other stuff about active case versus passive case because, again, that issue was raised initially by the plaintiff, but that additional argument about a factual issue, inconsistent testimony, and a jury deciding what the real cause of the accident was, that argument was made in the brief in response to the summary judgment motion. So that issue was presented to Judge Mudge as well. Thank you very much.